CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
James L. Bromley, Esq.
Sean A. O'Neal, Esq.

*Counsel for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| Apex Silver Mines Limited, *et al*. | Case No. 09-10182 (JMP) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON MOTION FOR AN ORDER
AUTHORIZING THE DEBTORS TO FORGO FILING LIST OF
CREDITORS AND LIST OF EQUITY SECURITY HOLDERS**

PLEASE TAKE NOTICE THAT on February 12, 2009 Apex Silver Mines Limited ("ASML") and Apex Silver Mines Corporation ("ASMC"), as debtors and debtors in possession (collectively, the "Debtors"), filed the Motion For an Order Authorizing the Debtors to Forgo Filing List of Creditors and List of Equity Security Holders (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing (the "Hearing") to consider entry of an order granting the relief sought in the Motion shall be held on **March 4, 2009 at 2:00 p.m. (New York City Time)**, or as soon thereafter as counsel may be heard, before the Honorable James M. Peck, United States Bankruptcy Judge, Court Room 601 at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, NY 10004.

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to the Motion shall be in writing, shall state with particularity the reasons for the objection or response, and shall be filed with the Bankruptcy Court, with a courtesy copy delivered to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, and served such that the responses or objections are actually received no later than **4:00 p.m. (New York City Time) on February 27, 2009** on counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attention: James L. Bromley, Esq. and Sean A. O'Neal, Esq.

PLEASE TAKE FURTHER NOTICE THAT copies of the Motion are posted on the Bankruptcy Court's electronic case management website at http://ecf.nysb.uscourts.gov and the Debtors' claims agent's website at http://chapter11.epiqsystems.com/apex.

PLEASE TAKE FURTHER NOTICE that if you fail to respond in accordance with this Notice, the Bankruptcy Court may grant the relief requested in the Motion and enter the proposed order without further notice or hearing.

Dated: February 12, 2009
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Sean A. O'Neal
    James L. Bromley
    Sean A. O'Neal
Member of the Firm
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors and Debtors in Possession*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
James L. Bromley, Esq.
Sean A. O'Neal, Esq.

*Counsel for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                                                       :
*In re*                                                                : Chapter 11
                                                                       :
Apex Silver Mines Limited, *et al*.                                    : Case No. 09-10182 (JMP)
                                                                       :
                       Debtors.                                        : Jointly Administered
                                                                       :
---------------------------------------------------------------------- X

MOTION FOR AN ORDER
AUTHORIZING THE DEBTORS TO FORGO FILING OF LIST OF
CREDITORS AND LIST OF EQUITY SECURITY HOLDERS

Apex Silver Mines Limited ("ASML") and Apex Silver Mines Corporation ("ASMC"), as debtors and debtors in possession (collectively, "Apex," or the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby move the Bankruptcy Court (the "Motion") for entry of an order authorizing the Debtors to continue utilizing the list of creditors and equity security holders prepared by the Debtors and their notice, claims and balloting agent in lieu of submitting to the Clerk of the Court a formatted mailing matrix. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code, Rule 1007(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1007-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>").

## Background

**A.    Introduction**

3. On January 12, 2009 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' cases.

5. On January 16, 2009, the Bankruptcy Court entered an order providing for joint administration of the Chapter 11 Cases for consolidation and procedural purposes only.

**B.    Extension of Time Order**

6. On January 16, 2009, the Bankruptcy Court granted the Debtors' motion seeking an extension of time to file their lists of creditors, equity security holders, schedules and statements of financial affairs (the "<u>Schedules and Statements</u>") [Docket No. 36] (the "<u>Extension Order</u>"). The Extension Order permitted the Debtors to file the Schedules and Statements on or before thirty days after the Petition Date. The Extension Order was entered without prejudice to

the Debtors' right to seek a waiver of the requirement to file the Schedules and Statements. Extension Order at 2.

7. On January 16, 2009, the Court granted the Debtors' application to employ Epiq Bankruptcy Solutions, LLC ("Epiq") as notice, claims and balloting agent in the Chapter 11 Cases [Docket No. 37] (the "Epiq Order").

8. On January 26, 2009, the Debtors filed their Schedules and Statements of Financial Affairs, including a list of creditors, parties to executory contracts and certain financial information. The Debtors have provided Epiq with a list of creditors and equity security holders. The Debtors now estimate that they have in excess of 1,000 creditors, including equity security holders and the beneficial owners of the Convertible Senior Subordinated Notes due 2024.

9. On February 4, 2009, the Debtors filed their joint plan of reorganization [Docket No. 101] (the "Plan") and disclosure statement with respect to the Plan [Docket No. 102]. On February 4, 2009, the Court entered and Order approving the Disclosure Statement as containing adequate information and authorized the Debtors to begin soliciting votes for the Plan [Docket No. 105].

10. Pursuant to the Epiq Order and other Orders of the Court, Epiq has been providing notice to the Debtors' creditors, equity security holders and other parties in interest throughout these Chapter 11 Cases, including the mailing of the notices of the deadline for filing proofs of claim and the mailing of the solicitation packages with respect to the Plan.

**Relief Requested**

11. The Debtors hereby seek permission to forgo filing a list of creditors and equity security holders under Bankruptcy Rules 1007(a)(1) and 1007(a)(3), Local Bankruptcy Rule 1007-1 and Amended Standing Order M-192. Instead, the Debtors seek authority to make such

lists, which they have already provided to Epiq, their claims, balloting and notice agent, available upon request.

12. Pursuant to Amended General Order M-192, a debtor filing a petition with more than 1,000 creditors and equity security holders, such as here, is directed to contact the Clerk of Court and to use the services of a process and claims agent to assist with such lists. Because the Debtors have retained Epiq, which has already established a database containing the lists of Apex's creditors and equity security holders and have mailed all required notices to the parties in such database, it is in the best interest of the Debtors' estates to avoid the costs associated with preparing and filing separate matrices of creditors and equity security holders.

13. Relief similar to that requested herein has been granted in comparable chapter 11 cases in this district. In re Wellman, Inc., Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Feb. 26, 2008); In re DJK Residential LLC, Case No. 08-10375 (JMP) (Bankr. S.D.N.Y. Feb 5, 2008); In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Jan. 17, 2006).

## Notice

14. Notice of this Motion has been provided to all parties on the General Service List as set forth in the Case Management Order (Docket No. 34).

## No Prior Request

15. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: February 12, 2009  CLEARY GOTTLIEB STEEN & HAMILTON LLP
       New York, New York

By: /s/ Sean A. O'Neal
    James L. Bromley
    Sean A. O'Neal
    Members of the Firm
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                                                       :
*In re*                                                                :   Chapter 11
                                                                       :
Apex Silver Mines Limited, *et al*.                                    :   Case No. 09-10182 (JMP)
                                                                       :
          Debtors.   :   Jointly Administered
                                                                       :
---------------------------------------------------------------------- X

## ORDER AUTHORIZING THE DEBTORS TO FORGO FILING OF LIST OF CREDITORS AND LIST OF EQUITY SECURITY HOLDERS

Upon the motion (the "Motion")[1] of the above-captioned debtors (collectively, the "Debtors") for entry of an Order authorizing the Debtors to forgo filing of lists of creditors and equity security holders; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted to the extent set forth herein; and it is further

ORDERED, that notwithstanding Rule 1007(a)(1) and (a)(3) of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Rules for the United States Bankruptcy Court of the Southern District of New York, the Debtors are authorized to forgo submitting a formatted disk with a matrix of the Debtors' creditors and equity holders to the Clerk of the Court; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

ORDERED, that the Debtors are authorized to continue utilizing the list of creditors and equity security holders prepared by the Debtors and their notice, claims and balloting agent in lieu of submitting a formatted matrix of creditors and equity security holders to the Clerk of the Court; and it is further

ORDERED, that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order, and it is further

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
     New York, New York         _____
                                                            United States Bankruptcy Judge